### ADAMS v. BOIES & BARRETT.

Principal and agent: LIMITATION OF AUTHORITY: PURCHASES ON CREDIT. Where an agent is furnished with money to pay for property which he is authorized to purchase, there is no such limitation on his authority to buy on credit, as to require him to pay the instant or on the same day for property which he purchases without any understanding or agreement that credit is to be given therefor.

*Appeal from the Louisa District Court.*

WEDNESDAY, JANUARY 29.

PRINCIPAL AND AGENT: AUTHORITY OF AGENT, ETC. — Plaintiff sues for the value of two lots of hogs, sold and

delivered in October, 1866, to one Walker, as the agent of the defendants.

That plaintiff delivered the hogs to Walker, is not denied. There is no contest as to the value of the hogs. There is no question made as to the fact, that Walker (a resident of Muscatine) acted in that place and throughout the adjacent country as the agent of the defendants (grain and cattle dealers, residing in Washington, Iowa), in making purchases and shipments of stock for them. Defendants furnished Walker with money to pay for his purchases, and particularly made arrangements with a bank in Muscatine to cash checks drawn upon it by Walker. Walker had acted as the agent of the defendants some eight or ten months, making purchases of stock for them. During that period he had bought hogs of the plaintiff at six different times. When he wished to buy in order to fill up a car he would come in person or send a wagon to the plaintiff, get hogs and then, or very soon afterward, settle for them. He acted as agent for no other person, and there was no testimony in the case showing that he bought stock on his own account. The two lots for which this action is brought were sold in the same way that the others had been. On the first of these two lots Walker paid $125. In three or four days after the delivery of the second lot, the plaintiff went to Muscatine and asked Walker for his pay, but did not get it. Shortly after that Walker ran away.

Under the instructions of the court, the jury returned a verdict for the plaintiff.

Judgment was rendered accordingly, and defendants appeal.

*J. Tracy* for the appellants (defendants).

*Henry O'Connor* for the appellee.

Adams v. Boies & Barrett.

DILLON, Ch. J. — The evidence is all in the record. In our opinion it warranted the verdict in favor of the plaintiff. Defendants contended, that Walker's authority was limited, and that he was expressly required or instructed to pay for stock *at the time* it was purchased or received. But there is no proof showing or tending to show, that the plaintiff had knowledge of these instructions.

*PRINCIPAL AND AGENT: limitation of authority: purchases on credit.*

Defendants asked the court to instruct the jury that if Walker was provided with money to pay for hogs, he would have no authority to buy *on credit*, and defendants would not be liable to the plaintiff for the value of hogs so purchased, unless he (plaintiff) could show that Walker was authorized by the defendants to buy on credit. The court refused thus to instruct, but charged, that, if Walker had been acting as the agent of the defendants, in Muscatine county, for some months, and during that time purchased the hogs in question of the plaintiff, the latter expecting to be paid for them when he should call for the money in Muscatine, the defendants were liable.

Defendants excepted to the refusal to give their instructions, and to the giving of the one the substance of which has just been stated.

Defendants' instructions were properly refused, for there was no evidence that plaintiff did sell the hogs in question *on credit*. On the contrary, the evidence showed that the sales were made without any agreement, stipulation or understanding that credit was to be given. There was no such limitation on Walker's authority shown as to require him to pay the instant or on the same day he received the property.

The transaction of the plaintiff with Walker, in making the sales of the hogs sued for, was precisely the same as previous transactions with him, in relation to which no question was ever made. The instructions of

the court, in view of the apparent powers of Walker, and the want of any knowledge on the part of the plaintiff of the special limitations on Walker's authority, now insisted on by the defendants, were correct.

If the instruction missupposed the fact that the delivery of the second lot of hogs was to a wagon sent for them by Walker, instead of to Walker in person, this mistake is not sufficient to reverse a judgment which the undisputed facts of the case show to be both legal and just.

Affirmed.